UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BORDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIAN SOARES CORREIA and STEVE CORREIA,<br><br>        Defendants. | No. 1: 14-cv-00254-LJO-BAM<br><br>**ORDER SCREENING COMPLAINT AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>**30 DAY DEADLINE** |

Plaintiff Jack Borders ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. While unclear, Plaintiff's complaint appears to allege defendants violated plaintiff's rights when defendants accessed Ms. Whipple's medical records and used them in a guardianship proceeding for Ms. Whipple's children. Plaintiff's Complaint, filed on February 26, 2014, is currently before the Court for screening. Plaintiff filed a Consent to Magistrate Judge jurisdiction on March 18, 2014.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2);

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*.*" *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding in pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff alleges as follows:

"Mr. and Mrs. Correia came at me in a tramatic [sic] expirence [sic] offering to help with watching my children while I was at hospital with fiancé then I start getting calls from C.P.S.  We went to meetings everything unfounded then the Defendants filled [sic] froadulent [sic] claim for guardianship theft and use of personal information by criminals to commit fraud and kidnapping who then illegally used information from those records for personal gain, wrongfully depriving Ms. Whipple of the custody of her two young children." (Doc. 1, p.1.)

2

Attached to the complaint are 120 pages of various documents from a guardian proceeding and various medical records of Ms. Whipple. While not alleged, the Court speculates that plaintiff may be the father of the children.

## DISCUSSION

### A. Plaintiff's Complaint Fails to Comply with Rule 8

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

Plaintiff's complaint is neither short nor plain. Plaintiff's complaint contains 120 pages of exhibits from court proceedings, handwritten notes, and excerpts of medical records. Plaintiff does not identify what these documents pertain to in the complaint. With respect to the exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims.

Since Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to

expend its resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim.

**B.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiff's Complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988), (per curiam), *overruled on other grounds in Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991) (en banc). There are two bases for original federal subject matter jurisdiction: 1) federal question jurisdiction and 2) diversity jurisdiction.

1.     **Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-

4

pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, the Complaint appears to allege a challenge to a state guardianship judgment or alleges a challenge based upon improper access to confidential medical information. As currently alleged, the Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

2. **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."

Plaintiff has not alleged the parties' citizenship is completely diverse. The Complaint alleges that Plaintiff and defendants are all California residents, which destroys the requisite "complete diversity" in this case. *See Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718, 722 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221 (2009). Accordingly, this Court lacks diversity jurisdiction.

3. *Rooker-Feldman* **Doctrine**

Pursuant to the *Rooker-Feldman* doctrine, Federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied,* 525 U.S. 1041 (1998). A federal court lacks subject matter

jurisdiction to review claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 and n. 16 (1983); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998); *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

Here, to the extent plaintiff seeks to challenge the state court judgment on guardianship of the children, this Court lacks jurisdiction.

Plaintiff has failed to establish that federal question jurisdiction or diversity jurisdiction exists. Accordingly, the Court finds that Plaintiffs' Complaint does not allege subject matter jurisdiction, and this Court does not have jurisdiction.

**C.      HIPAA Violations**

It is possible that plaintiff is alleging HIPAA violations related to unauthorized inspection of Ms. Whipple's medical files. The documents attached to the complaint indicate that at least one defendant accessed Ms. Whipple's files.

HIPAA (Health Insurance Portability and Accountability Act of 1996) provides no private right of action and therefore, plaintiff's HIPAA claim fails as a matter of law. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb v. Smart Document Solutions, LLC*, 499 F3d 1078, 1081 (9th Cir. 2007)).

**D.      Standing of Plaintiff**

"To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision*." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 180–81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a

causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).

Here, plaintiff does not state what his injury may be as a result of defendants' conduct. If plaintiff is claiming injury to Ms. Whipple as a result of the guardianship of her children, he does not have standing to assert her injury. He will be granted leave to amend to allege his own personal injury, if any.

**E.     Linkage**

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff has failed to allege any action by defendant Steve Correia which violated plaintiff's rights. Plaintiff will be granted leave to amend.

**F.     Amendment to the Complaint**

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for liability against each named defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal*, 556 U.S. at __, 129 S.Ct. at 1949-50.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474. It is unnecessary for plaintiff to attach voluminous exhibits; he may allege the facts contained therein in simple and concise language.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **April 23, 2014**             /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE