UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK BORDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIAN SOARES CORREIA and<br>STEVE CORREIA,<br><br>　　　　　Defendants. | No. 1: 14-cv-00254-LJO-BAM<br><br>**ORDER DENYING MOTION TO VACATE OR SET ASIDE**<br><br>(Doc. 5.) |

　　　　Plaintiff Jack Borders ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. Plaintiff filed a Consent to Magistrate Judge Jurisdiction on March 18, 2014.

## BACKGROUND

　　　　On April 18, 2014, plaintiff filed a "Motion to Vacate or Set Aside" judgment. (Doc. 5.) In this motion, plaintiff requests that this Court vacate or set aside the judgment entered on August 16, 2013 in a state court proceeding. The motion seeks to set aside a judgment entered in Tulare County Superior Court case no. VPR 046218 involving a guardianship of certain children. The Superior Court entered an order awarding guardianship to defendant Marian Correia. (Doc. 5, p.80-82.) The mother of the children is Ms. Whipple, and while not explicitly alleged in the complaint, the father may be plaintiff Jack Borders.

///

///

1

In an order issued concurrently with this order, this Court found that plaintiff's complaint failed to state a claim for relief against defendants, and the Court has dismissed the complaint with leave to amend.

## DISCUSSION

The *Rooker–Feldman* doctrine bars federal jurisdiction in certain circumstances.  The *Rooker–Feldman* doctrine prohibits "a direct appeal from the final judgment of a state court," *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir.2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir.2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by *Rooker–Feldman* when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir.2010) (quoting Noel, 341 F.3d at 1164), *cert. denied*, 131 S.Ct. 1492 (2011). *See also Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir.2005) ("[T]he *Rooker–Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994), *cert. denied,* 547 U.S. 1111 (2006)).

Moreover, the *Younger* abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir.1992), *cert. denied*, 506 U.S. 1054 (1993). Thus, *Younger* abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

This Court has no jurisdiction to vacate or set aside the judgment of the Tulare County Superior Court.  Based upon the attachments to the complaint (doc. 1, p. 25 et seq.), Plaintiff admits that the Superior Court has ordered the children removed from Ms. Whipple's custody, which had to be as a result of a determination that she was not acting in the children's best interests.  Plaintiff does not allege that this order has been overturned or that any court has determined that Ms. Whipple or plaintiff has demonstrated an ability to act in the children's best interest.  This Court has no authority to sit in review of the Superior Court's action.  This Court has no authority to vacate or set aside the judgment Tulare County Superior Court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

**ORDER**

For all the foregoing reasons, plaintiff's Motion to Vacate or Set Aside Judgment is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2014**                        /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

3